**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

20-cv-1085 WMW/TNL

|  |  |
|---|---|
| Paul Seeman and<br><br>Lori Seeman,<br><br>       Plaintiffs,<br><br>       v.<br><br>Rice County, City of Faribault,<br>Goodhue County, Excel Energy Troy<br>Dunn, Andy Bolen, Paul LaRoche,<br>Mark Hilady, Blaine Smith, Neal<br>Pederson, Brandon Gliem, Tres<br>Mathews, Collins Voxland, Does 1-10<br><br>       Defendants. | Court File No. -_____<br><br>**FIRST AMENDED COMPLAINT AND**<br>**JURY DEMAND**<br><br> |

## THE PARTIES

1.     Plaintiffs are adults who currently reside and have resided in Faribault, Minnesota at all times relevant to this action. Plaintiffs Paul Seeman and Lori Seeman are husband and wife.

2.     The individual defendants are adults who at all times relevant to the allegations set forth in this Complaint were acting under the color of state law in their capacities as law enforcement officers, or at the behest of law enforcement officers. Plaintiffs are suing the individual defendants in their individual capacities.

3.     Defendant Rice County is a political subdivision of the State of Minnesota.  Rice County employed Mark Hlady, Paul Laroche, Blaine Smith at



all times relevant to this action. Rice County is sued directly and also, on all relevant claims, on the theories of respondent superior or vicarious liability and pursuant to Minn. Stat. § 466.02 for the unlawful conduct of the individual defendants. Rice County is the political subdivision charged with training and supervising law enforcement officers. Rice County has established and implemented, or delegated the responsibility for establishing and implementing policies, practices, procedures, and customs used by law enforcement officers employed by Rice County regarding searches and seizures. Minneapolis is therefore also being sued directly pursuant to *Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658 (1978).

4. Defendant City of Faribault is a political subdivision of the State of Minnesota. The City of Faribault employed Neal Pederson, Brandon Gliem, at all times relevant to this action. is sued directly and also, on all relevant claims, on the theories of respondent superior or vicarious liability and pursuant to Minn. Stat. § 466.02 for the unlawful conduct of the individual defendants. City of Faribault is the political subdivision charged with training and supervising law enforcement officers. City of Faribault has established and implemented, or delegated the responsibility for establishing and implementing policies, practices, procedures, and customs used by law enforcement officers employed by The City of Faribault regarding searches and seizures. City of Faribault is therefore also being sued directly pursuant to *Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658 (1978).

5. Defendant Goodhue County is a political subdivision of the State of Minnesota. Goodhue County employed Tris Mathews and Collins Voxland, at all times relevant to this action. Goodhue County is sued directly and also, on all relevant claims, on the theories of respondent superior or vicarious liability and pursuant to Minn. Stat. § 466.02 for the unlawful conduct of the individual defendants. Goodhue County is the political subdivision charged with training and supervising law enforcement officers. Goodhue County has established and implemented, or delegated the responsibility for establishing and implementing policies, practices, procedures, and customs used by law enforcement officers employed by Goodhue County regarding searches and seizures. Goodhue County is therefore also being sued directly pursuant to *Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658 (1978).

6. Defendant Excel Energy is an electric utility provider in the State of Minnesota. Excel Energy employed Jane Doe and John Smith, at all times relevant to this action. Excel Energy is sued directly and also, on all relevant claims, on the theories of respondent superior or vicarious liability for the unlawful conduct of the individual Defendants. Excel Energy has established and implemented, or delegated the responsibility for establishing and implementing policies, practices, procedures, and customs used by it's employees regarding illegal pole camera monitoring.

7.

## JURISDICTION AND VENUE

3

8. This is an action for monetary and declaratory relief under 42 U.S.C. §§ 1983 and 1988 and federal and state common law. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, and 1367. Venue is proper in this district under 28 U.S.C. § 1391, as the acts and omissions giving rise to this action occurred in this district, and, on information and belief, all Defendants reside in this district.

## GENERAL ALLEGATIONS

9. Excel Energy installed a pole camera aimed at the Plaintiff's home and business on March 24, 2014 At the request of Defendant Paul LaRoche. LaRoche wanted to monitor the Plaintiff's property for evidence of motor vehicle theft. Excel Energy installed the camera without receiving a search warrant or subpoena to do so. The pole camera had the ability to remotely tilt, pan, zoom and record video. The camera was operated from a computer at the Rice County Sheriff's Office. 42 days of video evidence were sent to a computer at the Rice County Sherriff's Office from the pole camera. This was a violation of Plaintiff's Fourth Amendment rights against unreasonable search and seizure.

10. On April 26, 2014 Paul Seeman's cell phone was seized by the Faribault police Department. On April 26, 2014, June 4, 2014, June 5, 2014, June 6, 2014 and June 24, 2014, Paul Seeman's cell phone was illegally searched by employees of the Faribault police Department and Rice County Sherriff's Department. These searches were a violation of Plaintiff's Fourth Amendment rights against unreasonable search and seizure.

11.    On May 5, 2014 Paul LaRoche and Blaine Smith applied for a search warrant to search the plaintiff's property for evidence of motor vehicle theft. The affidavit included deliberate and reckless misrepresentations that were necessary to the finding of probable cause. While no evidence of illegal activity was obtained from the pole camera, LaRoche and Smith inferred that there was.

12.    On May 6, 2014 Paul LaRoche, Blaine Smith, Brandon Gliem andDoes 1-10 executed a search warrant on the Plaintiff's property. Many items were seized under the unparticular portions of the search warrant. The search warrant lacked particularity and probable cause. This was a violation of Plaintiff's Fourth Amendment rights against unreasonable search and seizure.

13.    On May 14, 2014 Mark Hilady applied for and received a search warrant to search the plaintiff's property. The affidavit included information obtained from the illegal May 6, 2014 search warrant, was overbroad and lacked probable cause. This was a violation of Plaintiff's Fourth Amendment rights against unreasonable search and seizure.

14.    On June 24, 2014 Laroche applied for and received a search warrant to search plaintiff Paul Seeman's phone. LaRoche omitted that the phone had already been searched several times without a search warrant. The phone search warrant was not particular and lacked probable cause. The cell phone was in police custody since April 28, 2014. The delay in requesting the search warrant was unreasonable. This was a violation of Plaintiff's Fourth Amendment rights against unreasonable search and seizure.

15. On June 27, 2014 LaRoche delivers Paul Seeman's phone to the Goodhue County Sheriff's Office for forensic analysis. Between June 27, 2014 and June 30, 2014 Tres Mathews forensically downloaded the contents of Paul Seeman's phone. The search warrant sought virtually everything on the cell phone without regard to probable cause. Mathews did not use any methods to protect Paul Seeman's privacy in her forensic search. . This was a violation of Plaintiff's Fourth Amendment rights against unreasonable search and seizure.

16. On July 10, 2014 Paul LaRoche and Mark Hilady applied for and received a search warrant to search the plaintiff's property. The affidavit included information obtained from the illegal May 6, 2014 search warrant, was overbroad and lacked probable cause. This was a violation of Plaintiff's Fourth Amendment rights against unreasonable search and seizure.

17. On May 6, 2014 thru May 4, 2020 Rice County Sheriff's Department Seized and continues to hold the Plaintiff's 2007 Chevy Silverado and other personal property. This is a ongoing violation of Plaintiff's Fourth Amendment rights against unreasonable searches and seizures.

## COUNT I – AGAINST ALL DEFENDANTS
### DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS – UNREASONABLE SEARCH AND SEIZURE

18. Plaintiffs restate the allegations contained in the previous paragraphs as if fully incorporated herein.

19. The individual defendants were acting under color of state law when they used unreasonable force while seizing Plaintiffs.

6

20. The individual defendants' actions and omissions caused Plaintiffs to suffer a violation of their Fourth Amendment rights.

21. At the time of the events giving rise to this action, it was clearly established that it is unconstitutional to conduct unreasonable searches and seizures.

22. Plaintiffs suffered harm as a result of Defendants' denial of their constitutional rights.

### JURY DEMAND

1. Plaintiffs demand a jury trial.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

1. Enter judgment in Plaintiffs' favor on their claims against Defendants, the exact amount to be proven at trial;

2. Declare that Defendants' conduct, as set forth above, violated 42 U.S.C. § 1983;

3. Award Plaintiffs damages to compensate them for the injuries they suffered as a result of Defendants' unlawful conduct;

4. Award Plaintiffs punitive damages with respect to their claims under federal law, the exact amount to be proven at trial;

5. Grant Plaintiffs leave to amend the Complaint to include a claim for punitive damages, the exact amount to be proven at trial;

6. Award Plaintiffs reasonable expenses incurred in this litigation, including attorney and expert fees, pursuant to 42 U.S.C. § 1988;

7.   Grant Plaintiffs all statutory relief to which they are entitled;

8.   Grant Plaintiffs leave to amend this Complaint to supplement any factual deficiencies or otherwise address any pleading deficiencies herein; and

9.   Grant any other relief the Court deems just and equitable.

Dated:  May 4, 2020                     *Paul Seeman*
                                        *Lori Seeman*
                                        18476 Eiler Ave
                                        Faribault, MN 55021